IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEC CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>TONE IT UP, INC.,<br><br>        Defendant. | C.A. No. 22-988-CJB<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW

The law firms of Nixon Peabody LLP and Young Conaway Stargatt & Taylor, LLP (collectively, "Defendant's Counsel"), attorneys for Defendant Tone It Up, Inc. ("TIU"), and pursuant to D. Del. LR 83.7, hereby request leave to withdraw as legal counsel for TIU in the above-referenced matter. In support of this Motion, Defendant's Counsel states as follows:

1. TIU is in significant arrears on its legal fees and expenses, and no acceptable agreement on payment has been reached. As such, an irreconcilable breakdown in the client-lawyer relationship has developed.

2. TIU was given reasonable warning in their engagement letters and subsequent correspondence that Defendant's Counsel could withdraw if there were arrearages in payment of professional invoices. This warning was repeated by email on May 30, 2023 that, unless the obligation is fulfilled, Defendant's Counsel will be compelled to file a motion with the Court to withdraw representation.

3. On October 20 and 24, 2022, Defendant's Counsel entered appearances on behalf of TIU in the above-captioned matter. (*See* D.I. 11 and 12.) On October 24, 2022, Defendant's Counsel filed a Motion to Dismiss the Complaint on TIU's behalf. (*See* D.I. 13.)

4. On November 21, 2022, Plaintiff filed a First Amended Complaint in this Action. (*See* D.I. 16.) On December 5, 2022, Defendant's Counsel filed a Motion to Dismiss the First Amended Complaint on TIU's behalf. (*See* D.I. 18.) That motion was fully briefed as of January 17, 2023, and remains pending before the Court.

5. Since then, written discovery has been propounded in this Action, and written responses have been exchanged. Through Defendant's Counsel, TIU produced documents to Plaintiff on May 11, 2023.

6. The next deadline in this matter is June 26, 2023, which is Plaintiff's deadline to produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes. (*See* D.I. 39 (Scheduling Order) at ¶ 6(c).) The next deadline after that is August 10, 2023, which is TIU's deadline to produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references. (*Id.* at ¶ 6(d).) The fact discovery deadline is June 12, 2024. (*Id*. at ¶ 7(a).)

7. Pursuant to D. Del. LR 83.6(d), Defendant's Counsel are governed by the Model Rules of Professional Conduct of the American Bar Association (counsel are also bound by the Delaware and California Rules of Professional Conduct).

8. Model Rule 1.16(b) provides for permissive withdrawal as counsel when (in pertinent part): withdrawal can be accomplished without material adverse effect on the interests of the client; the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; or the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. ABA Model Rule 1.16(b).

9. Under Model Rule 1.16(c) and D. Del. LR 83.7, Defendant's Counsel are required to seek leave of the court to withdraw.

10. In *Fastxchange Inc. v. Inventure Inc.*, No. 03-782KAJ, 2004 WL 234659 (D. Del. Feb. 6, 2004), the Court permitted withdrawal of defense counsel on the grounds, *inter alia*, that the defendant had not paid its legal fees and expenses. In *Fastxchange*, the defendant had failed to file "a simple answer to a simple complaint for six full months." *Id.* at *1. Nevertheless, withdrawal of counsel was granted and a brief extension to answer the complaint was permitted. *Id.* In the instant matter, no deadlines have been missed. Upon withdrawal of Defendant's Counsel, TIU has ample time to engage substitute counsel prior to any upcoming deadlines.

11. In *Aclate, Inc. v. Eclipse Marketing LLC, et al.*, No. 20-576-RGA, Order (D. Del. June 15, 2021), the Court permitted withdrawal of counsel [D.I. 59] for failure to pay legal fees and expenses. *See also Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 550 (8th Cir. 2016) (reversing lower court's refusal to permit withdrawal of counsel where the client failed substantially to fulfill an obligation to the lawyer regarding the lawyer's services); *Brandon v. Blech*, 560 F.3d 536, 539 (6th Cir. 2009) (reversing lower court's refusal to permit withdrawal of counsel where the client failed substantially to fulfill an obligation to the lawyer regarding the lawyer's services); *Fid. Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (holding that denial of counsel's motion to withdraw based on failure to pay was an abuse of discretion); *Granite Cos., LLC v. City Cap. Corp.*, No. 07-3078, 2011 WL 13377317, at *1 (E.D. Pa. June 1, 2011) ("Courts have consistently allowed law firms to withdraw from representing a corporation before new counsel has entered their appearance when there are substantial unpaid bills and a poor prospect of future payment.").

WHEREFORE, Counsel for TIU respectfully request the Court enter an Order, substantially in the form attached, granting leave to immediately withdraw from representation of TIU in the above-captioned matter, and any other relief the Court deems just and proper.

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Maliheh Zare (No. 7133)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
mzare@ycst.com

**NIXON PEABODY LLP**
Erica J. Van Loon (admitted *pro hac vice*)
Joshua J. Pollack (admitted *pro hac vice*)
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071
(213) 629-6000
evanloon@nixonpeabody.com
jpollack@nixonpeabody.com

*Withdrawing Attorneys for Defendant Tone It Up, Inc.*

Dated: June 16, 2023

## CERTIFICATE OF COMPLIANCE WITH D. DEL. LR 83.7 AND 7.1.1

I certify, pursuant to D. Del. LR 83.7, that TIU was sent this Motion by e-mail and certified mail on May 31, 2023, which was at least 14 days prior to the filing of this motion with the Court.

Although not the opposing party with respect to this Motion, I further certify that Defendant's Counsel conferred with counsel for Plaintiff regarding the matters set forth in the Motion. Plaintiff indicated that it "does not oppose TIU's request to withdraw once new counsel has entered an appearance in order to ensure there will be no delay in the case."

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)

5